IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALESSANDRA BELLANTONI, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION and CAPITAL ONE, N.A.<br><br>   Defendants. | CASE NO. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Alessandra Bellantoni ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendants Capital One Financial Corporation and Capital One, N.A. (collectively, "Capital One" or "Defendants"). Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by her counsel, and based upon information and belief, except as to those allegations specifically pertaining to Plaintiff, which are based on her personal knowledge.

**NATURE OF ACTION**

1. This is a proposed class action on behalf of New York consumers seeking monetary damages, restitution, and equitable relief from Defendant Capital One's promises, misrepresentations, and omissions concerning the interest rate paid on its online "360 Savings" account, and its deceptive and unfair conduct with respect to setting that rate.

2. Since its introduction in 2013, Capital One has advertised the 360 Savings account to New York consumers as a "high interest" account with "great rate" savings.

3. Then, around September 2019, Capital One abruptly and without notice stopped offering the 360 Savings account to new customers and, instead, began offering a new, virtually identical account with a highly similar name, the "360 Performance Savings" account, which it advertised as a "high yield" online savings account and, from its launch to the present, offered a significantly higher interest rate than the 360 Savings account. Everything about the two accounts, including the name, were essentially identical, except for the stark difference in interest rates Capital One paid on each account: At the time of its launch, the 360 Performance Savings account paid a 1.90% interest rate while the 360 Savings account paid 1.00% interest rate.

4. The vast difference only worsened over time as Capital One turned the supposedly "high interest" 360 Savings account into a very low interest one, even while relevant benchmarks such as the Federal Reserve rate increased. By May 2023, the rate paid on the 360 Performance Savings account was 3.75%, whereas Capital One *decreased the rate paid on the 360 Savings Account to only 0.30%*. Currently, the rate paid on the 360 Performance Savings account is 4.35%, whereas the rate paid on the 360 Savings account has remained at 0.30%.

5. Worse yet, Capital One never told Plaintiff or any other 360 Savings accountholder that (1) it had created a superior savings account with an almost-identical name, (2) it was ending new access to the 360 Savings account, (3) it was providing a superior product with a higher interest rate to new accountholders, or (4) that they could easily take advantage of the near-identical 360 Performance Savings account by transferring their deposits and immediately receive significantly higher interest. Although Capital One no longer offers 360 Savings accounts to new customers, it continues to maintain the 360 Savings account for preexisting accountholders such as Plaintiff without notifying them that they Capital One will pay them significantly higher interest if they transfer their deposits to a different account.

6. Capital One's failure to notify 360 Savings accountholders of the higher interest rate that is available to them through the identical 360 Performance Savings account was deliberate. Capital One strategically and deliberately attempted to conceal this new, higher-interest account from the 360 Savings accountholders for its own financial gain, beginning with the highly similar name for the new account. As long as the 360 Savings accountholders maintained their deposits in that account, Capital One would be paying less in interest than if they simply transferred to 360 Performance Savings account.

7. No rational consumer would elect to receive less interest in the 360 Savings account when they could simply transfer their deposits to a nearly identical account, yet Plaintiff and other Class members continue to do so. This demonstrates how deceptive Capital One's conduct is.

8. The binding 360 Savings Account disclosures state that "interest rates and annual percentage yields are variable and may change at any time at [Capital One's] discretion." In reality, after the creation of the 360 Performance Savings account, Capital One only used its discretion to decrease rates paid on the 360 Savings account (1) even though Capital One advertised the account as "high interest," (2) even as the Federal Reserve quickly raised rates in 2022 and 2023 across the economy, and (3) even as Capital One continued to raise the interest rates on the 360 Performance Savings accounts. As such, Capital One breached its contract by failing to offer the higher, available rate on the "high interest" 360 Savings account, and it exercised its discretion in bad faith by creating a high-interest account without notice and decreasing the interest rate on the 360 Savings account, all to profit off significant savings in not having to pay a higher available interest rate to longtime 360 Savings accountholders.

9. Plaintiff and the Class were significantly harmed by Defendants' conduct, including through lost interest payments that should have been paid on their deposits when Capital

3

One was ready, willing, and able to pay those higher rates on the virtually identical "high interest" 360 Performance Savings account.

10. Plaintiff, individually and on behalf of all other similarly situated, seeks to end Capital One's deceptive practices and obtain damages, restitution, and equitable relief, as set forth below.

## PARTIES

11. Plaintiff Alessandra Bellantoni is and was, at all relevant times, a citizen of the State of New York residing in Queens, New York. Plaintiff has been a 360 Savings accountholder since about July 2001.[1] Plaintiff still holds her 360 Savings account as of the filing of this Complaint.

12. Defendant Capital One Financial Corporation is a corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business in McLean, Virginia.

13. Defendant Capital One, N.A. is a federally charted national bank with its headquarters and principal place of business in McLean, Virginia, and is wholly owned by Defendant Capital One Financial Corporation.

14. Defendant Capital One Financial Corporation and Defendant Capital One, N.A. jointly operate Capital One's website. In the website's Terms and Conditions, Capital One defines

---

[1] Plaintiff originally opened the account with ING Direct USA, which was ultimately acquired by Capital One Financial Corporation in early 2012.

both Defendants as "Capital One," "we," "us," and "our."[2] The website also states that the "information contained on the Site, including its arrangement . . . are copyright ©2022 by Capital One Financial Corporation." *See id*.

15. Unless otherwise noted, "Capital One" refers to both Defendant Capital One Financial Corporation and Defendant Capital One, N.A.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) the amount in controversy, exclusive of costs and interest, exceeds the sum of $5,000,000.00, (2) the proposed Class is comprised of at least 100 members, and (3) complete diversity exists between at least one plaintiff and one defendant.

17. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in this district and in the State of New York through their offering and servicing of banking and credit products and services to consumers in New York through the internet, phone, and by mail. Defendants maintain minimum contacts with New York such that an exercise of personal jurisdiction by this Court does not offend traditional notions of fair play and substantial justice. Moreover, Plaintiff and the proposed Class have suffered injury as a result of Defendants' acts in this District.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are subject to personal jurisdiction in this district and a substantial portion of the events and/or omissions giving rise to this action occurred in this district.

---

[2] *See* Capital One Website Legal Terms and Conditions, https://www.capitalone.com/digital/terms-conditions/ (last modified Feb. 27, 2023) (last visited Feb.7, 2024).

## COMMON FACTUAL ALLEGATIONS

**A. Capital One's "high-interest" "360 Savings" account.**

19. A savings account is a deposit account designed to hold money for an extended period of time. A bank typically pays interest on monies that an accountholder deposits in a savings account. The annual percentage yield ("APY") is a metric showing the total amount of interest paid on an account in one year, which is expressed as a percentage.

20. Prior to September 2019, Capital One advertised its "360 Savings" account to New York consumers as a "high-interest" account with "great rate" savings.[3]

21. Capital One's website stated that "[i]nterest rates will always fluctuate based on the [federal funds rate set by the Federal Reserve] and the economy, but your Capital One savings account is here to help you save."[4]

22. In January 2018, in response to rising interest rates from the Federal Reserve, Capital One increased the interest rate on the 360 Savings account from 0.75% to 1.00%.

23. Capital One never again raised the interest rate on 360 Savings accounts—not even when the Federal Reserve started increasing interest rates in 2022-2023.

---

[3] *See* https://home.capitalone360.com/online-savings-account (accessed February 7, 2024 via Wayback Machine at URLs
https://web.archive.org/web/20130424015814/https://home.capitalone360.com/online-savings-account, https://web.archive.org/web/20160609045313/https://home.capitalone360.com/online-savings-account); *see* https://www.capitalone.com/bank/savings-accounts/online-savings-account/ (accessed February 7, 2024 via Wayback Machine at URL https://web.archive.org/web/20190128212651/https://www.capitalone.com/bank/savings-accounts/online-savings-account/).

[4] Benefits of a Savings Account, https://www.capitalone.com/help-center/checking-savings/savings-interest-rate-changes/ (last visited Feb. 7, 2024).

6

24. Instead, in September 2019, Capital One simply disregarded and abandoned its longtime 360 Savings accountholders and its promise of "high-interest," and it began offering a new, virtually identical "high-yield" savings account with a highly similar name—the 360 Performance Savings account—and a significantly higher interest rate than the 360 Savings account. And it did so without any notice to its 360 Savings accountholders who were promised "high-interest" on their deposits.

25. As Capital One's explains on its website, a "high-yield savings account" is "all about the interest."[5] Capital One further states that "a high-yield savings account— sometimes called a high-interest savings account—is a bank account that often has a higher interest rate or annual percentage yield (APY) than a traditional savings account."[6] Capital One promises that "[o]nline high-yield savings accounts earn higher than average interest on the balance amount."[7]

26. When it launched, Capital One paid an interest rate of 1.90% on its new 360 Performance Savings account, while it paid only 1.00% on its 360 Savings account, and Capital One has always paid a higher interest rate on the newer 360 Performance Savings account since its launch.

27. In fact, since the launch of a new "high-yield" 360 Performance Savings account, Capital One has steadily decreased the interest rate it pays on the 360 Savings account product.

28. From October 2019 through December 2020, Capital One reduced the interest rate paid on the 360 Savings account from 1.00% APY to 0.30% APY. Then from December 2020 to the present, Capital One simply froze what was promised to be a "variable" interest rate on the 360

---

[5] What is a High-Yield Savings Account?, https://www.capitalone.com/bank/money-management/banking-basics/what-is-a-high-yield-savings-account/ (last visited Feb. 7, 2024).
[6] *See id*.
[7] *See id*.

Savings account at 0.30%—despite material increases in the federal funds rate and the interest rate increases on the 360 Performance Savings account.

29. As of May 2023, the federal funds rate was 5.06%, the rate paid on 360 Savings account was 0.30%, and the rate paid on 360 Performance Savings account was 3.75%. Since then, Capital One has further increased the rate paid on 360 Performance Savings to 4.30%.

30. Capital One breached its contractual promise of "high-interest" on the 360 Savings Account and exercised any contractual discretion in bad faith by (1) creating an identical savings account offering a higher interest rate; and (2) maintaining the interest rate on the 360 Savings account lower than the 360 Performance Savings account; and (3) lowering the interest rate on the 360 Savings account while raising the interest rate on the 360 Performance Savings account.

31. To make matters worse, Capital One provided no notice to its longtime 360 Savings accountholders: (1) that Capital One launched a new 360 Performance Savings account; (2) that the 360 Performance Savings account was a different product and not just a new name for the existing 360 Savings account product; or (3) that the 360 Performance Savings account offered a higher interest rate than the purportedly "high-interest" 360 Savings account.

32. Capital One's failure to provide any notice that it would stop offering a "high-interest" rate on the 360 Savings account was intentional—Capital One was financially motivated to keep 360 Savings accountholders in the dark about the 360 Performance Savings account because it knew it would profit from paying less interest on 360 Savings accounts.

33. Plaintiff and the Class members were significantly harmed by Capital One's conduct, including by the loss of interest payments to which they were entitled on their deposits in Capital One's 360 Savings account, which Capital One was ready, willing, and able to pay to its 360 Performance Savings accountholders.

### B. Plaintiff's experience.

34.  In or around July 2001, Plaintiff opened a 360 Savings account offered by ING Direct USA, which was converted to a 360 Savings account in or around February 2012 when it was acquired by Capital One.

35.  Plaintiff relied on representations and promises that the account was a "high-interest" savings account with "great rate" savings. As such, Plaintiff always kept a balance in her account in order to accrue the "high interest" that was promised.

36.  Plaintiff's account remains open as of the filing of this Complaint.

37.  Plaintiff was significantly damaged by Capital One's conduct. Between September 2019 and February 2024, Plaintiff received significantly less interest payments on the monies deposited in her 360 Savings account than she would have received had she simply transferred those monies into a 360 Performance Savings account. But for Capital One's deceptive misrepresentations and omissions and failure to exercise its contractual discretion in good faith, Plaintiff would have received substantially higher amounts in interest payments.

38.  Plaintiff would not have opened a 360 Savings account, or she would have deposited her savings into a different high-interest account (potentially into the 360 Performance Savings account), if she knew that (1) the account was not, in fact, "high interest," and/or (2) that Capital One would not act in good faith when setting the purportedly "variable" interest rate on 360 Savings account.

## CLASS ALLEGATIONS

39.  Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiff brings this action individually and on behalf of a proposed Class of similarly situated persons defined as follows:

> ***All persons in New York who have ever held a Capital One 360 Savings account.***

9

40. Excluded from the Class are Capital One, any entities in which they have a controlling interest, and any legal representative, heir or assign of Capital One. Also excluded from the Class are the presiding judge(s) in this case, their staff, and any members of their immediate family.

41. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new information obtained during discovery.

42. **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes and alleges that the Class members number well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of Capital One.

43. **Commonality and Predominance**: There are questions of law and/or fact common to the Class, such that there is a well-defined community of interest among the Class members. These questions predominate over questions that may affect only individual members as Capital One has acted on grounds generally applicable to the Class. Moreover, adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Such common legal or factual questions include, but are not limited to, the following:

    a. Whether Capital One deceptively represented that the 360 Savings account is a "high interest" account;

    b. Whether Capital One deceptively failed to disclose facts regarding its representation that the 360 Savings account is a "high interest" account;

  c.  Whether Capital One's alleged misconduct misled or had the tendency to mislead consumers;

  d.  Whether Capital One engaged in deceptive business practices under the laws asserted;

  e.  Whether Capital One's conduct violated New York's General Business Law § 349;

  f.  Whether Capital One's conduct violated New York's General Business Law § 350;

  g.  Whether Capital One engaged in false advertising;

  h.  Whether Capital One acted in bad faith when it adjusted (or failed to adjust) the interest rate on the 360 Savings account;

  i.  Whether Capital One's conduct breached the covenant of good faith and fair dealing;

  j.  Whether Capital One was unjustly enriched through its conduct;

  k.  Whether Plaintiff and the Class were harmed by Capital One's practices, omissions and/or misrepresentations;

  l.  Whether Plaintiff and the Class are entitled to actual, compensatory, and/or nominal damages, and the proper measure thereof; and

  m.  Whether Capital One should be enjoined from continuing its unfair practices described herein.

44. **Typicality**: Plaintiff, just like many other consumers, opened and maintained a 360 Savings account based on the same misrepresentations and omissions regarding the 360 Savings account being a "high interest" account. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the Class have suffered the same or similar injury as a result of Capital One's false, deceptive, misleading, and bad faith conduct, and their claims assert the same legal theory.

Moreover, Plaintiff is not subject to any unique defenses. As such, Plaintiff's claims are typical of the claims of the Class.

45. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class. She is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions such as this, and who have the financial and legal resources necessary to litigate this case through resolution, including through trial and appeal, if necessary. Plaintiff does not have any interests adverse to those of the Class.

46. **Superiority**: A class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the comparatively modest amount of monetary relief available for each individual Class member. Moreover, prosecution of separate actions by individual Class members would create a risk inconsistent or contradictory judgments, lead to the duplication of evidence, effort, and expense, and unnecessarily overwhelm the court system. The benefits of class treatment, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Plaintiff does not anticipate any difficulty in the management of this litigation as a class action.

47. Capital One has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in maintaining a savings account at Capital One.

## FIRST CAUSE OF ACTION

### Violation of New York General Business Law § 349

48. Plaintiff repleads and re-alleges the allegations contained in the preceding paragraphs as though fully set forth herein.

49. New York General Business Law ("GBL") § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GBL § 349.

50. Capital One engaged in deceptive acts or practices in the conduct of its business, trade or commerce, or in the furnishing of its services in New York by, *inter alia*:

   a. Deceptively creating a new account with a near-identical name that offered higher interest rates than the "high-interest" 360 Savings account;

   b. Failing to inform customers that (1) it had created a superior savings account with an almost-identical name, (2) it was ending new access to the 360 Savings account, (3) it was providing a superior product to new accountholders, or (4) they could easily take advantage of the near-identical 360 Performance Savings account and immediately receive significantly higher interest;

   c. Misrepresenting material facts that the 360 Savings online savings account a "high interest" savings account, even though it paid a rate of interest that is not "high interest" relative to, *inter alia*, other online savings account products or Capital One's own online savings account product line (i.e., the 360 Performance Savings account); and

   d. Misrepresenting material facts that the 360 Savings account has

13

performance characteristics of a "high interest" and "great rate" savings account even though it does not.

51. The aforementioned acts and practices are consumer-oriented, unlawful and prohibited by New York's GBL § 349.

52. There were reasonably available alternatives to further Capital One's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

53. Capital One's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

54. Plaintiff relied on Capital One's representations to keep open her 360 Savings account and to deposit her savings into that account.

55. As a direct and proximate result of Capital One's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

56. Capital One's wrongful conduct is ongoing and presents a continuing threat to Class members.

57. Pursuant to New York GLB § 349, Plaintiff seeks damages, attorney's fees and an injunction enjoining Capital One from continuing to engage in the unfair business practices described above.

## SECOND CAUSE OF ACTION

### Violation of New York General Business Law § 350

58. Plaintiff repleads and re-alleges the allegations contained in the preceding paragraphs as though fully set forth herein.

59. New York GBL § 350 declares unlawful "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

60. Capital One engaged in false advertising in the conduct of its business, trade or commerce or in the furnishing of its services by, *inter alia*:

    a. Deceptively creating a new account with a near-identical name that offered higher interest rates than the "high-interest" 360 Savings account;

    b. Failing to inform customers that (1) it had created a superior savings account with an almost-identical name, (2) it was ending new access to the 360 Savings account, (3) it was providing a superior product to new accountholders, or (4) they could easily take advantage of the near-identical 360 Performance Savings account and immediately receive significantly higher interest;

    c. Misrepresenting material facts that the 360 Savings online savings account a "high interest" savings account, even though it paid a rate of interest that is not "high interest" relative to, *inter alia*, other online savings account products or Capital One's own online savings account product line (i.e., the 360 Performance Savings account); and

    d. Misrepresenting material facts that the 360 Savings account has performance characteristics of a "high interest" and "great rate" savings account even though it does not.

61. The aforementioned acts and practices are consumer-oriented, unlawful and prohibited by New York's GBL § 350.

62. There were reasonably available alternatives to further Capital One's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

63. Capital One's conduct, actions, and advertising are deceptive, false, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

64. Capital One's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.

65. Plaintiff relied on Capital One's false representations to keep open her 360 Savings account and to deposit her savings into that account.

66. As a direct and proximate result of Capital One's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

67. Capital One's wrongful conduct is ongoing and presents a continuing threat to Class members.

68. Pursuant to New York GLB § 350, Plaintiff seeks damages, attorney's fees and an injunction enjoining Capital One from continuing to engage in the unfair business practices described above.

## THIRD CAUSE OF ACTION

### Breach of Contract Including Breach of the Covenant of Good Faith and Fair Dealing

**(Against Capital One, N.A. only)**

69. Plaintiff repleads and realleges the allegations contained in the preceding paragraphs, except those made under preceding causes of action, as though fully set forth herein.

70. Plaintiff and the Class members entered into a contract with Capital One, N.A. related to the opening and maintenance of a 360 Savings account.

71. A material term of the contract was that the 360 Savings account paid "high interest."

72. In addition, the 360 Savings Account disclosures contain the "terms applicable to [customers'] 360 Savings account." The contract provides that "interest rates and annual percentage yields are variable and may change at any time at [Capital One's] discretion."

73. Capital One, N.A. breached the terms of its contract with Plaintiff and the Class by offering higher interest rates on other accounts, such as the virtually identical 360 Performance Savings account Capital One, N.A. launched with no notice to 360 Savings accountholders.

74. In addition, a covenant of good faith and fair dealing is implied by law in all contracts and required that Capital One, N.A. exercise contractual discretion honestly and in good faith.

75. Capital One, N.A. breached the covenant of good faith and fair dealing by exercising its discretion in bad faith to the detriment of the Class when it decided to (1) decrease the interest rate on its purportedly "high-interest" 360 Savings account while relevant benchmarks such as the Federal Reserve rate increased; (2) launch a virtually identical savings account that immediately offered a higher interest rate than the 360 Savings account; (3) maintain the interest rate on the 360 Savings account lower than the 360 Performance savings account at all relevant times; and (4) not give any notice to 360 Savings accountholders of the launch of the virtually identical 360 Performance Savings account that would always offer a higher interest rate than the 360 Savings account.

76. Plaintiff and Class members have performed or substantially performed all obligations imposed on them under the contract.

77. Capital One, N.A.'s breach has undermined the purpose of the contract and deprived Plaintiff and Class members the benefit of the bargain.

78. Plaintiff and Class members have sustained damages as a result of Capital One N.A.'s breach of the contract and breach of the implied covenant of good faith and fair dealing.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

79. Plaintiff repleads and realleges the allegations contained in the preceding paragraphs, except those made under preceding causes of action, as though fully set forth herein.

80. This claim is pled in the alternative.

81. Plaintiff and the Class members conferred a monetary benefit on Capital One by depositing and maintaining monies in 360 Savings accounts.

82. Capital One had knowingly and voluntarily acknowledged, accepted and retained these benefits at Plaintiff's and the Class members' expense.

83. The circumstances are such that it would be unequitable and against good conscience for Capital One to retain the benefits it received from Plaintiff and the Class because, as fully described herein, Capital One paid less interest on those monies than it promises and that it was otherwise ready, willing, and able to pay, as demonstrated by the fact that it paid a significantly higher interest rate on the virtually identical 360 Performance Savings account at all relevant times.

84. Through its conduct alleged herein, Capital One was unjustly enriched to the detriment of Plaintiff and the Class.

85. As a result of Capital One's wrongful conduct, Plaintiff and Class members are entitled to restitution and disgorgement of all profits, benefits and other compensation obtained by Capital One.

## JURY DEMAND

86. Plaintiff and the Class members hereby demand a jury trial on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

(a) An order certifying the Class as requested herein, appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(b) An order enjoining Defendants from the unlawful conduct alleged herein, including by ordering Defendants to convert all 360 Savings accounts into 360 Performance Savings accounts, and/or ordering Defendants to immediately provide variable, high-yield interest rates to legacy 360 Savings accountholders commensurate with the rates offered on the 360 Performance Savings account;

(c) An order awarding Plaintiff and the Class restitution and/or disgorgement;

(d) An order awarding Plaintiff and the Class all damages available under the law, including compensatory, statutory, and punitive, as well as pre- and post-judgment interest;

(e) An order awarding Plaintiff and the Class their reasonable attorneys' fees and costs of suit, along with pre- and post-judgment interest; and

(f) An order awarding any other and further relief as this Court deems just, proper and equitable.

Dated: March 1, 2024

Respectfully submitted,

By: */s/ Andrew Shamis*
**SHAMIS AND GENTILE, P.A.**
Andrew J. Shamis, Esq.
NY Bar No. 5195185
14 NE 1st Ave Suite 705
Miami, FL 33132
Tel: 305-479-2299
ashamis@shamisgentile.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg (*pro hac vice* forthcoming)
*scott@edelsberglaw.com*
Chris Gold (*pro hac vice* forthcoming)
*chris@edelsberglaw.com*
Gabriel Mandler (*pro hac vice* forthcoming)
*gabriel@edelsberglaw.com*
20900 NE 30th Ave.
Aventura, FL 33180
Telephone: 786-673-2405

**KALIEL GOLD PLLC**
Jeffrey D. Kaliel (*pro hac vice* forthcoming)
*jkaliel@kalielgold.com*
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783

**KALIEL GOLD PLLC**
Sophia Goren Gold (*pro hac vice* forthcoming)
*sgold@kalielgold.com*
950 Gilman Street, Suite 200
Berkeley, California 94710
Tel: (202) 350-4783

*Attorneys for Plaintiff and the Proposed Class*